IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR RANDOLPH TURNER,<br>TDCJ-CID NO. 1326957,<br><br>　　　　　　Petitioner,<br>v.<br><br>RICK THALER, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions<br>Division,<br><br>　　　　　　Respondent. | § § § § § § § § § § § | CIVIL ACTION NO. H-12-3518 |

## MEMORANDUM OPINION AND ORDER

Victor Randolph Turner has filed a petition for a writ of habeas corpus challenging two state court felony convictions under 28 U.S.C. § 2254.  The petition will be dismissed as successive and untimely.

One of the judgments Turner's habeas petition challenges is a felony conviction and five-year sentence for unauthorized use of a motor vehicle.  State v. Turner, No. 40,638A (268th Dist. Ct., Fort Bend County, Tex.).  After pleading guilty, Turner filed a direct appeal of the conviction, which the Court of Appeals for the First District of Texas affirmed.  Turner v. State, No. 01-05-00779-CR, 2008 WL 3876076 (Tex. App.-Hous. [1st Dist.] Aug. 21, 2008, pet. ref'd).  Turner then filed a Petition for Discretionary Review (PDR), which the Texas Court of Criminal Appeals refused.  Turner v. State, No. 1292-08 (Tex. Crim. App. Feb. 4, 2009).

Turner filed a state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals dismissed because the sentence had been discharged. Ex parte Turner, No. WR-71,966-02 (Tex. Crim. App. Feb. 9, 2011). Prior to filing his state habeas application, Turner filed a federal petition for a writ of habeas corpus, which this court dismissed on the merits. Turner v. Thaler, No. H-09-2238 (S.D. Tex. July 16, 2010).

The other challenged state criminal judgment concerns a conviction and ten-year sentence for evading arrest. State v. Turner, No. 40,639A (268th Dist. Ct., Fort Bend County, Tex.). The First Court of Appeals affirmed the conviction, and the Court of Criminal Appeals refused the subsequent petition for discretionary review on February 4, 2009. Turner v. State, No. 01-05-00780-CR, 2008 WL 3876097 (Tex. App.-Hous. [1st Dist.] Aug. 21, 2008, pet. ref'd). Turner filed a state application for a writ of habeas corpus, which was dismissed as premature because the direct appeal was pending. Ex parte Turner, WR-71,966-01 (Tex. Crim. App. May 20, 2009). Turner filed a second state habeas application some time later, which was denied without a written order. Ex parte Turner, WR-71,966-01 (Tex. Crim. App. Mar. 9, 2011).

Turner has recently filed a federal petition for a writ of habeas corpus challenging the same two state court convictions. Turner v. Thaler, No. H-12-3462 (S.D. Tex. filed Nov. 26, 2012). The court found that the challenge to the conviction and five-year sentence for unauthorized use of an automobile had no basis because

the sentence had been discharged.  No. H-12-3462, <u>Partial Dismissal</u> <u>and Order to Show Cause</u>, Docket Entry No. 6, entered Nov. 30, 2012. The court also noted that Turner had previously filed a federal habeas petition challenging the conviction and five-year sentence for unauthorized use of a motor vehicle.  <u>Id.</u> citing <u>Turner v.</u> <u>Thaler</u>, No. H-09-2283 (S.D. Tex. July 16, 2010).  Noting that the prior federal habeas petition had been dismissed on the merits, the court found that the second challenge to the unauthorized use of a motor vehicle conviction was an unauthorized successive petition. The court further found that the challenge to the evading arrest conviction appeared to be time barred.  <u>Id.</u>  Consequently, Turner was ordered to show cause why the petition should not be dismissed as barred by limitations.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), this action is barred as a successive federal habeas challenge to a state court conviction.  28 U.S.C. § 2244(b). Because of the prior petitions, Turner must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition.  28 U.S.C. § 2244(b)(3). There is no indication that the Fifth Circuit has granted permission for Turner to file the current petition.  Without such authorization, this action must be dismissed for lack of jurisdiction.  <u>Hooker v. Sivley</u>, 187 F.3d 680, 681-82 (5th Cir. 1999).

-3-

In addition to being barred as successive, this court also notes that this action would be barred as untimely under AEDPA because Turner is challenging convictions that were final more than a year before the filing of this action. See 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period for filing of a § 2254 petition after conviction becomes final). Turner may respond to the court in the prior pending action if he has cause for filing an untimely habeas challenge. See Turner, No. H-12-3462.

Before Turner can appeal the dismissal of his petition, he must obtain a COA. 28 U.S.C. § 2253. In order to obtain a COA, Turner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A COA shall be **DENIED** because this action is clearly barred, and Turner has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

### Conclusion and Order

The court **ORDERS** the following:

1.  This Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE.**

2.  A Certificate of Appealability is **DENIED.**

-4-

3.    The Clerk will provide a copy of this Memorandum
      Opinion and Order to the petitioner; and a copy of
      the petition and this Memorandum Opinion and Order
      to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 10th day of December, 2012.

                                          SIM LAKE
                          UNITED STATES DISTRICT JUDGE